THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II and SANDRA HUSSAR, <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE JAMES C. REYNOLDS, MONTANA ATTORNEY GENERAL, STATE OF MONTANA, MONTANA DEPARTMENT OF JUSTICE, and PUBLIC DEFENDER NICOLE KLEIN, <br><br> Defendants. | CV 18-00078-H-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Wayne Hussar, a state prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a proposed Complaint alleging Defendants illegally convicted and sentenced him. (Doc. 2.)[1] Mr. Hussar is subject to the three strikes provision of 28 U.S.C. § 1915(g) and therefore the Motion to Proceed in Forma Pauperis should be denied.

---

[1] Mr. Hussar purports to bring this action on behalf of himself and his wife, Sandra Hussar. Sandra Hussar did not sign the pleadings. A non-lawyer may not file papers with the court or otherwise represent the rights of another pro se litigant. *See Storseth v. Spellman*, 654 F.2d 1349, 1355 (9th Cir. 1981); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987). Mr. Hussar is considered the sole plaintiff in this case.

1

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Hussar has filed at least three civil actions which have been dismissed as frivolous or for failure to state a claim. *See Hussar v. Touchette*, CV-11-00011-H-DWM (D. Mont. May 6, 2011 Judgment of dismissal based upon *Heck v. Humphrey*, 512 U.S. 477 (1994) which was plain on the face of the complaint, designated as strike because frivolous, not appealed); *Hussar v. Abendroth, et al.*, CV-12-00076-M-DLC (D. Mont. October 30, 2012 Judgment of dismissal, designated as strike for failure to state a claim, not appealed); and *Hussar v. Nichals*, CV-12-00045-H-DLC (D. Mont. Judgment of dismissal filed January 29, 2013, designated as a strike for failure to state a claim, not appealed.)

Mr. Hussar has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury"

exception of 28 U.S.C. § 1915(g).

To meet the exception, Mr. Hussar must allege facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of the filing of the complaint. *Andrews*, 493 F.3d at 1053 ("it is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception under § 1915(g)"). Mr. Hussar is complaining of an illegal conviction and sentencing. His claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and do not satisfy the imminent danger exception to section 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007). The motion to proceed in forma pauperis should be denied.

While ordinarily litigants are given a period of time to pay the full filing fee of $400.00, Mr. Hussar should not be allowed to do so in this case. Mr. Hussar has been made aware that he is subject to the provisions of 28 U.S.C. § 1915(g) and cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm. *See Hussar v. Lewis and Clark County Detention Center*, Civil Action No. 17cv55-H-DLC-JTJ; *Hussar v. Almandinger, et al.,* Civil Action No. 18cv51-H-DMM-JTJ.

In addition, Mr. Hussar is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Sandra Hussar should be terminated as a plaintiff in this action.

2. Mr. Hussar's Motion to Proceed in Forma Pauperis (Doc. 1) should be denied pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. No motions for reconsideration or rehearing will be entertained and the Clerk of Court is directed to discard any such motions.

DATED this 6th day of July, 2018.

                                                         */s/ John Johnston*
                                                         John Johnston
                                                         United States Magistrate Judge